Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ROSA SUAREZ and LIDIA TEREZA LEON RAXULEU,

                *Plaintiffs*,

    -against-

GAKK RESTAURANT INC. D/B/A EMPANADA LOCA, GEORGE KONTOLIOS and TOMMY KESKINIS a/k/a Tommy Kontolios.

                *Defendants*.

--------------------------------------------------------X

Civil Action No.: 20-cv-1464

**COMPLAINT**

**JURY TRIAL DEMANDED**

    ROSA SUAREZ and LIDIA TEREZA LEON RAXULEU ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq. and as against GEORGE KONTOLIOS, TOMMY KESKINIS a/k/a Tommy Kontolios and GAKK RESTAURANT INC. D/B/A EMPANADA LOCA (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

    1.    Plaintiffs are former employees of GAKK RESTAURANT INC. D/B/A EMPANADA LOCA at 606 5th Ave Brooklyn, NY 11215 that was owned and operated by Defendants GEORGE KONTOLIOS, TOMMY KESKINIS and GAKK RESTAURANT INC. D/B/A EMPANADA LOCA

    2.    Defendants own, operate, and/or control the restaurant located at 606 5th Ave Brooklyn, NY 11215.

1

3. Plaintiffs were employed as cooks and general laborers.

4. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours they worked each week over 40 hours.

5. Further, Defendants failed to provide Plaintiffs with the proper wage notices and statements under the New York Labor Laws.

6. Plaintiffs now bring this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

9. Plaintiff ROSA SUAREZ ("Plaintiff SUAREZ") is an adult individual residing in Kings County, New York.  Plaintiff SUAREZ was employed by Defendants at the restaurant owned and operated by Defendants from approximately June 2015 until May 17th, 2019.

10. Plaintiff LIDIA RAXULEU ("Plaintiff RAXULEU") is an adult individual residing in Kings County, New York.  Plaintiff RAXULEU was employed by Defendants at the

restaurant owned and operated by Defendants from approximately May 2016 until July 2016, then again from approximately August of 2017 until September 2017, then again from for two weeks I December of 2017.

11. GAKK RESTAURANT INC. D/B/A EMPANADA LOCA is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 606 5th Ave Brooklyn, NY 11215.

12. Defendant GEORGE KONTOLIOS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GEORGE KONTOLIOS is sued individually in his capacity as an owner, officer and/or agent of Defendant GAKK RESTAURANT INC. D/B/A EMPANADA LOCA ('Defendant Corporation').

13. Defendant GEORGE KONTOLIOS possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

14. Defendant GEORGE KONTOLIOS determined the wages and compensation of the employees of Defendants, including Plaintiffs.

15. Defendant GEORGE KONTOLIOS hired Plaintiffs.

16. Defendant GEORGE KONTOLIOS established the schedule of the Plaintiffs and other employees.

17. Defendant GEORGE KONTOLIOS maintained employee records.

18. Defendant GEORGE KONTOLIOS had the authority to hire and fire Plaintiffs

19. Defendant GEORGE KONTOLIOS disciplined Plaintiffs

20. Defendant GEORGE KONTOLIOS assigned Plaintiffs work tasks

21. Defendant GEORGE KONTOLIOS issued Plaintiffs' pay

22. Defendant GEORGE KONTOLIOS fielded Plaintiffs' complaints about work and pay.

23. Defendant TOMMY KESKINIS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant TOMMY KESKINIS is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

24. Defendant TOMMY KESKINIS possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

25. Defendant TOMMY KESKINIS had the authority to hire and fire Plaintiffs.

26. Defendant TOMMY KESKINIS set and altered Plaintiffs' schedules.

27. Defendant TOMMY KESKINIS assigned work tasks to Plaintiffs.

28. Defendant TOMMY KESKINIS disciplined and admonished Plaintiffs about their work performance.

29. Defendant TOMMY KESKINIS fielded questions about work and pay from the Plaintiffs.

30. Defendant TOMMY KESKINIS and Defendant GEORGE KONTOLIOS each represented to Plaintiffs that they were both owners.

31. Defendant GEORGE KONTOLIOS discharged Plaintiffs.

32. Defendants are associated and joint employers, act in the interest of each other with respect to the restaurant located at 606 5th Ave Brooklyn, NY 11215.

33. Defendants share common operations, common promotional materials and acted jointly in the operation of the abattoir located at 606 5th Ave Brooklyn, NY 11215.

34. Each Defendant possessed substantial control over Plaintiffs' working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

35. Defendants jointly employed Plaintiffs within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

36. In the alternative, Defendants constitute a single employer of Plaintiffs.

37. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

38. Defendants are each experienced restaurant and business owners in New York City and have knowledge, and/or should have knowledge, of the labor laws.

39. Upon information and belief, in each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

40. Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiffs and Defendants' employees handled and purchased for the business cleaning items, foods and ingredients, cookware and other tools that originated out of state.

41. Plaintiffs were individually engaged in commerce by virtue of their role interacting with interstate businesses.

42. Defendants regularly employed more than 11 people throughout each year during the relevant time period.

*Plaintiff ROSA SUAREZ*

43. Throughout her employment with defendants, Plaintiffs SUAREZ was employed as a cook and general laborer at the restaurant located at 606 5th Ave Brooklyn, NY 11215.

44. Plaintiff SUAREZ regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

45. Plaintiff SUAREZ' work was supervised and her duties required neither discretion nor independent judgment.

46. Plaintiff SUAREZ regularly worked in excess of 40 hours per week.

47. From approximately June 2015 until October 2015, Plaintiff SUAREZ typically worked six (6) days a week from 6 A.M. until 5 P.M. with no uninterrupted breaks.

48. From approximately October 2015 until January 2016, Plaintiff SUAREZ typically worked six (6) days a week from 7:00 A.M. until between 9:00 P.M. and 11:00 P.M.

49. From approximately January 2016 until January 2019, Plaintiff SUAREZ worked six (6) days per week from 8:00 A.M. until between 9:00 P.M. and 10:00 P.M. except for a seven month period in 2016 when she only worked five days per week.

50. From January 2019 until May 2019, Plaintiff SUAREZ worked six (6) days per week from 9:00 A.M. until 6:00 P.M.

51. Defendants paid Plaintiff SUAREZ a weekly salary during her employ with no premium for overtime hours.

52. Such failure to pay overtime premiums was willful.

53. Defendants paid Plaintiff SUAREZ a salary of $600 per week in 2015, $650 per week in 2016, $700 per week in 2017 and finally $750 starting in 2018 until the end of her employ.

54. Defendants permitted Plaintiff SUAREZ infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to the kitchen.

55. No proper notification was given to Plaintiff SUAREZ regarding overtime and wages under the FLSA and NYLL for each year she worked or change in rate of pay.

56. Defendants never provided Plaintiff SUAREZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

57. Defendants failed to provided Plaintiff SUAREZ all of the proper and complete notices in English and in Spanish (Plaintiff SUAREZ' primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year she worked or each change in rate of pay.

*Plaintiff LIDIA RAXULEU*

58. Throughout her employment with defendants, Plaintiff RAXULEU was employed as a cook and general laborer at the restaurant located at 606 5th Ave Brooklyn, NY 11215.

59. Plaintiff RAXULEU regularly handled goods in interstate commerce, such as cleaning supplies, foods and other supplies produced and originating from outside the state of New York.

60. Plaintiff RAXULEU'S work was supervised and her duties required neither discretion nor independent judgment.

61. Plaintiff RAXULEU regularly worked in excess of 40 hours per week.

62. From approximately May 2016 until the end of June 2016, Plaintiff RAXULEU typically worked six (6) days a week from 8:00 A.M. until between 9:00 P.M. and 10:00 P.M.

63. From approximately Julio 2016 until September 2017, Plaintiff RAXULEU typically worked six (6) days a week from 8:00 A.M. until between 9:00 P.M. and 10:00 P.M.

64. In approximately December 2017, Plaintiff RAXULEU worked six (6) days per week from 8:00 A.M. until between 9:00 P.M. and 10:00 P.M for two weeks.

65. Defendants paid Plaintiff RAXULEU an hourly rate with no premium for overtime hours.

66. Such failure to pay overtime premiums was willful throughout her employ with the Defendants.

67. Defendants paid Plaintiff RAXULEU an hourly rate of $7.00 for the first two months of her employ then $8.00 per hour for the rest of her employ.

68. Defendants permitted Plaintiff RAXULEU infrequent breaks for lunch that were typically less than 20 minutes before being forced to return to the kitchen.

69. No proper notification was given to Plaintiff RAXULEU regarding overtime and wages under the FLSA and NYLL for each year she worked or change in rate of pay.

70. Defendants never provided Plaintiff RAXULEU with each payment of wages a proper statement of wages, as required by NYLL 195(3).

71. Defendants failed to provided Plaintiff RAXULEU all of the proper and complete notices in English and in Spanish (Plaintiff RAXULEU'S primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year she worked or each change in rate of pay.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

73. Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

74. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

76. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

77. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

78. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

82. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

86. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

87. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

88. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

89. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

90. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

91. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

92. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

96. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

97. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiffs;

  (h)  Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

  (i)  Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

  (j)  Enjoining Defendants from future violations of the NYLL;

  (k)  Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

  (l)  Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (m)  Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, minimum wages and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

  (n)  Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

  (o)  Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

  (p)  Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (q)  All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 18th, 2020

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*